#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### SOUTHERN DIVISION

**SHELTON BARNELL JAMES**                                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:19-cv-265-HSO-MTP**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

#### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with the Court's prior orders. On May 6, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration. Plaintiff, however, failed to timely serve Defendant as required by Federal Rule of Civil Procedure 4, and on December 12, 2019, the Court entered an Order [5] directing Plaintiff to show cause why this case should not be dismissed. Thereafter, Plaintiff filed a Response [7] and served Defendant.

On March 17, 2020, Defendant filed an Answer [10] and the Administrative Record [11]. That same day, the Court entered a Scheduling Order [12] directing Plaintiff to file a memorandum brief within 30 days setting forth all errors which he contends entitle him to relief. Thus, Plaintiff's memorandum brief was due by April 16, 2020. Plaintiff did not file a memorandum brief as ordered.

On June 12, 2020, the Court entered an Order [13] directing Plaintiff to show cause on or before June 26, 2020, why this case should not be dismissed for his failure to file a memorandum brief. The Court also directed Plaintiff to file his memorandum brief on or before June 26, 2020. *See* Order [13]. The Court warned Plaintiff that his failure to respond could result in the

dismissal of this action without prejudice and without further notice. *Id*. To date, Plaintiff has not responded to the Court's Order to Show Cause [13] or filed a memorandum brief.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the petitioner's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Martin v. Pearson*, 405 Fed. App'x 859, 860 (5th Cir. 2010) (citing Rule 41(b) and affirming the dismissal of a § 2241 habeas action where the petitioner failed to comply with the district court's order). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 6th day of July, 2020.

s/ Michael T. Parker
United States Magistrate Judge